UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SCOTT CARRASQUILLO,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　Case No.

**WAL-MART ASSOCIATES, INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **Scott Carrasquillo** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Wal-Mart Associates, Inc.,** ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1.　This is an action for damages and for declaratory relief, for violations of the Florida Civil Rights Act ("FCRA") Fla. Stat. §760.01 *et seq.*, the Americans with Disabilities Act of 1990, as amended ("ADA", 42 U.S.C. §12101 *et seq.*), and the Age Discrimination in Employment Act ("ADEA").

2.　This Court has subject matter jurisdiction over Plaintiff's ADA and ADEA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the FCRA claim pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

**PARTIES**

4.　Plaintiff is a resident of the State of Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FCRA, the ADA, and the ADEA.

10. At all times material hereto, Defendant was an "employer" within meaning of the FCRA, the ADA, and the ADEA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff began working for Defendant in 2013 and most recently held the position of Senior Manager of Global Security and Investigations.

13. At the time of hiring, Plaintiff disclosed that he was a disabled former Police Officer and had work restrictions, including but not limited to, he could not perform physical apprehensions, or assist in protection functions as a result of his qualified disability.

14. Plaintiff was an accomplished and dedicated employee who received consistently positive performance evaluations over his eleven-year tenure.

15. Plaintiff was qualified for his position and excelled in his role.

16. At the time of his termination, Plaintiff was 54 years old.

17. Plaintiff was one of the oldest employees in his department.

18. In May 2023, Plaintiff sustained a work-related injury while driving to a work site, resulting in injuries to his neck and shoulder. Plaintiff promptly notified Defendant of the same.

19. Plaintiff's supervisor, Matthew Walsh (Director, younger than 40), failed to timely report the injury to Walmart's workers' compensation program. When Plaintiff followed up, Walsh dismissed the severity of the injury and made discriminatory comments about Plaintiff's age and disability, such as, "I didn't realize you were so brittle."

20. Plaintiff immediately filed formal complaints with Walmart's worker's compensation representative, and Human Resources about his Director not filing a complaint and the inappropriate comment about his age. Plaintiff further complained that he believes the failure to report the injury and attack his age was disparate treatment and direct retaliation for engaging in protected activity.

21. In addition, Plaintiff filed a formal complaint against Senior Director, Claire Ruston regarding her unsavory, and potentially illegal workplace business practices.

22. At all times relevant, Plaintiff had a qualified disability and/or was regarded as disabled by Defendant.

23. During his employment, Plaintiff suffers from a mental and/or physical impairment that substantially limited one or more of his major life activities.

24. Plaintiff suffers from chronic pain in his neck and shoulder, which substantially limited his major life activities, including sitting, standing, lifting, sleeping, and performing manual tasks.

25. Despite this, he continued to perform his job remotely and effectively.

26. Plaintiff requested reasonable accommodations in the workplace, including limits on lifting, stretching, working hours and opportunities to rest.

27. At all times during his employment, Plaintiff could perform the essential functions of his position with or without accommodation.

28. Despite the fact that his request was reasonable, sufficiently articulated his need for accommodation, and would not have posed an undue hardship on the business, Defendant denied his request and failed to otherwise engage in the interactive process.

29. Following Plaintiff's disclosure of his disability and subsequent request for accommodation, Plaintiff's supervisor, Matthew Walsh initiated a pattern of discrimination and retaliation. In August 2023, Plaintiff received an inaccurate and negative performance review, which he disputed with supporting documentation.

30. Plaintiff's supervisor refused to consider Plaintiff's rebuttal and escalated his hostility.

31. Plaintiff reported the discrimination and retaliation to Vice President Larry Lundeen on August 16, 2023.

32. Despite Plaintiff's ongoing complaints and documented mistreatment, no remedial action was taken. Instead, Mr. Walsh remained Plaintiff's supervisor and continued to retaliate.

33. For example, Defendant ordered Plaintiff to travel to Miami to perform extended surveillance duties which violated his doctor's restrictions and departed from Defendant's standard travel policy. The length and nature of the drive and surveillance assignment caused significant pain and worsened his condition.

34. Defendant was continually apprised of Plaintiff's disability and his need for accommodations, but was still forced Plaintiff to work beyond his doctor's restrictions.

35. In February 2024, Walsh issued another poor performance review. In March 2024, Plaintiff was placed on a Performance Improvement Plan without justification.

36. On April 10, 2024, Plaintiff was removed from his position without explanation and was told to apply for other internal roles. Despite applying for multiple jobs through the internal portal, Plaintiff received no interviews.

37. Defendant failed to provide any training or support during this period and never provided a written explanation for Plaintiff's removal from his position.

38. Mr. Lundeen further attempted to chill Plaintiff's protected activity, stating during a conversation that if it were him, he would "keep quiet" and follow orders, rather than file complaints.

39. Plaintiff's supervisor, who was significantly younger than Plaintiff, made further discriminatory comments about Plaintiff's age, including saying "The way you did things in the past is no longer relevant," and "You need to find new ways to work."

40. Plaintiff was effectively terminated on or about June 10, 2024.

41. Throughout this period, Plaintiff was treated less favorably than similarly situated employees who were younger and non-disabled. They were not disciplined or removed despite similar or inferior performance.

42. Plaintiff was subjected to discriminatory comments based on his age and disability and was retaliated against for engaging in protected activity.

43. Defendant's stated reasons for Plaintiff's termination are pretextual.

44. Although Defendant advised Plaintiff to find another job, it was a specious offer as Defendant did not give him a legitimate opportunity to find a new position.

45. Defendant chose to take adverse employment action against Plaintiff by retaliating against him for engaging in protected activity under the FCRA, the ADA, and the ADEA.

46. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the FCRA, the ADA, and the ADEA.

47. Defendant's reason for terminating Plaintiff is pretext.

### COUNT I – FCRA VIOLATION (AGE DISCRIMINATION)

48. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. Plaintiff is a member of a protected class based on Plaintiff's age.

50. Plaintiff was subjected to disparate treatment due to his age.

51. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

52. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

53. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's age;

    (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper

### COUNT II – FCRA VIOLATION (DISABILITY DISCRIMINATION)

54. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

55. Plaintiff is a member of a protected class based on Plaintiff's disability.

56. Plaintiff was subjected to disparate treatment due to his disability.

57. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

58. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

59. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's disability;

    (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper

## COUNT III – FCRA RETALIATION

60. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 47 of this Complaint as though fully set forth herein.

61. Plaintiff is a member of a protected class under the FCRA due to his age and disability.

62. Plaintiff exercised or attempted to exercise his rights under the FCRA, thereby engaging in protected activity under the FCRA.

63. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment.

64. Defendant has taken material adverse action against Plaintiff.

65. Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to unlawful retaliation under the FCRA;

    (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper.

## **COUNT IV — AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

66. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

67. Plaintiff is a member of a protected class under the ADEA due to being over the age of 40.

68. Plaintiff was subjected to disparate treatment due to his age.

69. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

70. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

71. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the ADEA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's age;

    (b) Enjoin and permanently restrain Defendant from further violations of the ADEA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper.

### COUNT V — ADEA VIOLATION
### (RETALIATION)

72. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

73. Plaintiff is a member of a protected class under the ADEA.

74. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating his employment.

75. Defendant's actions were willful and done with malice.

76. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issues and that this Court take jurisdiction over the case;

    (c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT VI —ADA VIOLATION
## (DISABILITY DISCRIMINATION)

77. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

78. Plaintiff is a member of a protected class under the ADA due to his disability.

79. Plaintiff was subjected to disparate treatment due to his disability.

80. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

81. Defendant's stated reasons for firing Plaintiff were pretext for unlawful discrimination.

82. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the ADA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

(a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's disabilities;

(b) Enjoin and permanently restrain Defendant from further violations of the ADA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff;

(e) Any other relief deemed just and proper.

## COUNT VII — ADA RETALIATION

83. Plaintiff realleges and readopts the allegations of paragraphs 1 through 47 of this Complaint, as though fully set forth herein.

84. Plaintiff is a member of a protected class under the ADA due to his disability.

85. Plaintiff exercised or attempted to exercise his rights under the ADA, thereby engaging in protected activity under the ADA.

86. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

87. Defendant has taken material adverse action against Plaintiff.

88. Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiff requests that this Court:

(a) Enter a judgement that Defendant subjected Plaintiff to unlawful retaliation under the ADA;

(b) Enjoin and permanently restrain Defendant from further violations of the ADA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff;

(e) Any other relief deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 11th day of January 2026.

    Respectfully submitted,

    *s/ Samuel Doxsee*
    **SAMUEL DOXSEE**
    Florida Bar Number: 127318
    **CHAD A. JUSTICE**
    Florida Bar Number: 121559
    **JUSTICE LITIGATION ASSOCIATES, PLLC**
    1205 N Franklin St
    Suite 326
    Tampa, Florida 33602
    Direct No. 813-566-0550
    Facsimile: 813-566-0770
    E-mail: sam@justicelitigation.law
    E-mail: chad@justicelitigation.law
    **Attorneys for Plaintiff**